# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2019

Lyle W. Cayce
Clerk

No. 18-40302
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL SUAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CR-79-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Paul Suarez was convicted by a jury of one drug conspiracy offense and three firearms offenses. In his initial appeal, we concluded that all of his convictions were supported by sufficient evidence, but we vacated his sentence on one count and remanded for resentencing. *See United States v. Suarez*, 879 F.3d 626, 629 (5th Cir. 2018). Appealing from the judgment entered after resentencing, Suarez again challenges the sufficiency of the evidence to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support his convictions. The Government has filed an opposed motion for summary affirmance based on the law of the case doctrine. In the alternative, the Government requests an extension of time to file a merits brief.

"Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (internal quotation marks and citation omitted). We have previously decided that Suarez's convictions are supported by sufficient evidence, and Suarez fails to demonstrate the applicability of any exception to the law of the case doctrine that might warrant reexamining that conclusion. *See id.* Accordingly, we will not reexamine the issue Suarez raises in this appeal.

The Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.